UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOM LOUX, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEVADA, ex rel., ITS DEPARTMENT OF WELFARE, DIVISION OF CHILD AND FAMILY SERVICES, STATE OF NEVADA, ex rel., ITS DEPARTMENT OF INFORMATION TECHNOLOGY, MADILYN MAIRE, in her individual capacity, <br><br> Defendants. | CV-N-03-0240-LRH (VPC) <br><br> **O R D E R** |

On July 6, 2005, this Court issued an order (Docket No. 44) denying, in part, Plaintiff Tom Loux's ("Loux") Motion for Reconsideration (Docket No. 42). Pursuant to the Court's July 6, 2005, Order, Loux has filed Supplemental Points and Authorities (Docket No. 46) addressing the issues of pretext with respect to a claim for quid pro quo sexual harassment and a claim for a "hostile working environment" pursuant to 42 U.S.C. § 2000e-3. Defendants have subsequently filed a response (Docket No. 47). No reply was filed. After reviewing the parties supplemental points and authorities, and the record as a whole, the Court makes the following disposition.

In his Motion for Reconsideration, Loux argued that he did not have an opportunity to present evidence on the issue of pretext under the *McDonnel Douglas Corp. v. Green*, 411 U.S. 792

1  (1973), mechanism for allocating the burden of production.  Therefore, this Court gave Loux an
2  opportunity to file supplemental points and authorities with respect to this issue.  In order to meet
3  his burden on the issue of pretext, Loux must present direct evidence or specific and substantial
4  circumstantial evidence that tends to show the employer's proffered motives were not the actual
5  motives behind the employment action.  *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221-22
6  (9th Cir. 1998).
7    As evidence of pretext, Loux points out that defendant Madilyn Maire ("Maire") did not
8  give him a reprimand in late April and May of 2002 when she thought he was violating her
9  directive.  (Pl.'s Supplemental P. & A. at 3.)  In addition, Loux argues that his responsibilities were
10 taken away and given to Andrea Franko who, unlike Loux, did not have a degree in computer
11 information systems.  *Id*. at 2.  Finally, Loux argues that "[t]he timing of the reprimands,
12 accompanied by the frivolous idea of termination, plus Plaintiff's rebuttal of them, create an issue
13 of fact on pretext. . . ."  *Id*. at 6.  Defendants argue, in opposition, that Loux has not presented any
14 new evidence in his supplemental points and authorities and that this Court should deny
15 reconsideration.  (Defs.' Resp. to Supplemental P. and A. at 3.)
16   The Court finds that the evidence presented by Loux is neither direct nor substantial and
17 specific.  With respect to the written reprimands, the evidence shows that the reprimands occurred
18 approximately eight months after the alleged sexual harassment ended.  (Compl. ¶ 14.); (Defs.'
19 Mot. for Summ. J., Aff. of Madilyn Maire, Ex. A ¶¶ 67, 75.)  The evidence also shows that Maire
20 reassigned some of Loux's job duties due to his performance, attendance and attitude.  (Mot. for
21 Summ. J., Aff. of Madilyn Maire, Ex. A ¶ 14.)  The fact that the person who was assigned some of
22 Loux's previous job duties did not have the same degree as Loux is not inconsistent with the
23 explanation given by Defendants.  With regard to the reprimands, the fact that Loux did not receive
24 one in April/May 2002 does not create an inference that the reprimands prepared in August/October
25 of 2002 were pretextual.  In fact, Maire's Affidavit indicates that she did not give Loux the
26

2

April/May 2002 reprimand because the personnel office did not return it to her in a timely fashion. *Id.* ¶ 56. Loux has not presented evidence showing that this reason is pretextual. Therefore, the Court finds that the circumstantial evidence presented by Loux is not sufficient to create a genuine issue of material fact as to whether Defendant's legitimate non-discriminatory reasons for Loux's adverse employment actions are merely a pretext for discrimination.

Loux's Motion for Reconsideration also asked this Court to clarify its decision with respect to the 42 U.S.C. § 2000e-3 aspect of his "hostile working environment" claim. Essentially, Loux is asking this Court to reconsider its decision regarding whether Loux has presented evidence that he was retaliated against in violation of 42 U.S.C. § 2000e-3. 42 U.S.C. § 2000e-3(a) makes it unlawful "for an employer to discriminate against any of his employees . . . , to discriminate against any individual . . . because he has opposed any practice made an unlawful employment practice by [Title VII ], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, a plaintiff must demonstrate that "(1) she engaged in an activity protected under title VII; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004) (citing *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000)).

In its initial decision, the Court noted that it is undisputed that a complaint of sexual harassment is a protected activity. Furthermore, the evidence shows that Loux contacted the Nevada Attorney General's Office on August 28, 2002, to report the alleged sexual harassment. (Defs.' Mot. for Summ. J. at 8.) However, in his Supplemental Points and Authorities, Loux argues that he was retaliated against after Maire found out that he would not leave his wife in December of 2001. (Pl.'s Supplemental P. & A. at 2.) Loux then directs the Court's attention to several events which he claims constitute adverse employment actions. *Id*. Although the Court

1 agrees that these alleged events, if proven true, could constitute adverse employment actions, Loux
2 has not presented any evidence that he engaged in a protected activity under title VII before he
3 reported the alleged sexual harassment in August of 2002.  In his deposition, Loux states that in
4 December of 2001 Maire realized that he wasn't going to leave his wife and that her advances were
5 not welcome.  (Decl. of Jeffrey A. Dickerson, Dep. of Tom Loux, Ex. G at 169-70.)  Loux does not
6 indicate that he complained about Maire's behavior or that he asked her to stop.  Rather, Loux
7 characterizes this event as Maire realizing "that it was never going to happen."  *Id*. at 169.  Such
8 evidence does not indicate that Loux engaged in a protected activity.  Therefore, Loux has not
9 presented evidence to the Court indicating that he was discriminated against for opposing an
10 unlawful employment practice or for making a charge, testifying, assisting, or participating in an
11 investigation or other proceeding.  For this reason, the Court reaffirms its earlier decision finding
12 that Loux has failed to create a genuine issue of material fact.  Although this evidence is
13 insufficient to state a claim for retaliation pursuant to 42 U.S.C. § 2000e-3, the events that occurred
14 after the actual sexual harassment ended may be relevant to Loux's hostile working environment
15 claim.  Therefore, the Court will permit Loux to present evidence relating to this time period as it
16 relates to his hostile work environment claim.

17   Defendants, in their response, argue that the Court should grant summary judgment on
18 Loux's claim for failure to remedy.  (Defs.' Resp. to Supplemental P. and A. at 3.)  The Court, in
19 its April 27, 2005, Order, found that Loux presented evidence that he complained to Stockwell, a
20 supervisory level employee, and that such a complaint could put the State of Nevada on notice of
21 the alleged sexual harassment.  (April 27, 2005, Order at 15.)  Defendants argue that this finding
22 was in error because Stockwell was no longer Loux's supervisor at the time.  (Defs.' Resp. to
23 Supplemental P. and A. at 3.)  The Court disagrees.  Although Stockwell may not have been Loux's
24 supervisor at the time of the alleged complaint, he was still a supervisory level employee who had
25 previously supervised Loux.  Given Loux's allegations, it is certainly possible that he would turn to

26

his previous supervisor for help concerning the alleged sexual harassment.  Therefore, a complaint to Stockwell, as a supervisory level employee, could be sufficient to put the State of Nevada on notice of the alleged harassment.  *See Nichols v. Azteca Restaurant Enterprises, Inc.*, 256 F.3d 864, 876 (9th Cir. 2001).  Therefore, the Court declines to reconsider its initial decision.

IT IS THEREFORE ORDERED that Loux's Motion for Reconsideration (Docket No. 42) is hereby DENIED.

IT IS FURTHER ORDERED that the parties shall have thirty (30) days within which to lodge with the court a proposed written joint pretrial order.

IT IS SO ORDERED.

DATED this 9th day of December, 2005.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5