UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOM LOUX, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEVADA, ex rel., ITS DEPARTMENT OF WELFARE, DIVISION OF CHILD AND FAMILY SERVICES, STATE OF NEVADA, ex rel., ITS DEPARTMENT OF INFORMATION TECHNOLOGY, MADELINE MAIRE, in her individual capacity, <br><br> Defendants. | 3:03-cv-00240-LRH-VPC <br><br> ORDER |

Presently before the court are two Motions in Limine filed by defendant State of Nevada ex rel. its Department of Health and Human Services, Division of Child and Family Services ex rel. its Department of Information Technology ("State of Nevada"). The State of Nevada's January 5, 2007, motion (# 62[1]) seeks an order precluding plaintiff Tom Loux's ("Loux") undisclosed witnesses from testifying at trial. The second motion, filed February 2, 2007, seeks an order limiting evidence regarding sexual harassment to the period of time prior to December, 2001. Loux has filed an opposition (# 68) to the State of Nevada's second motion (# 68), and the State of

---

[1] Refers to the court's docket number.

Nevada replied (# 70).

In its January 5, 2007, motion (# 62), the State of Nevada indicated that Loux failed to disclose the following witnesses during the discovery phase of this case: Tim Ebbeling, Patsy Jones, Marie Langton, Bob Loux, Jeff Neilson, Cindy Pyzel, Scott Rasner, Terry Schuff, Jacque Morrison, and Kathy Sinclair.  Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. . . ."  Fed. R. Civ. P. 26(a)(1)(A).  Rule 37(c)(1) provides, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed."  Fed. R. Civ. P. 37(c)(1).   Here, Loux has not opposed the State of Nevada's motion nor has he provided any justification for his failure to disclose the above named witnesses.  Good cause appearing, the court will preclude Loux from relying on the above named witnesses at trial.

The State of Nevada, in its second motion (# 67), seeks an order limiting the evidence to be presented in this case.  In this case, Loux alleges that he was sexually harassed from 2000 until December of 2001.  Thus, the State of Nevada seeks to preclude evidence of events that occurred after the alleged harassment ended.  The State of Nevada argues that such evidence is not relevant. To the extent it may be relevant, the State of Nevada argues that it should be precluded due to the danger of confusion of the issues.  Loux opposes the motion arguing that Maire's reaction towards him following the cessation of the sexual harassment is probative of Maire's state of mind.

Rule 401 of the Federal Rules of Evidence provides that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.  In the case at bar, the court finds that events occurring after the alleged sexual harassment concluded are not relevant to this action.  To the extent any such event may have some relevance,

1 the court agrees with the State of Nevada that the probative value of this evidence is substantially
2 outweighed by the danger of confusion of issues and by considerations of undue delay and waste of
3 time.  *See* Fed. R. Evid. 403.
4     IT IS THEREFORE ORDERED that the State of Nevada's Motions in Limine (## 62, 67)
5 are hereby GRANTED.
6     IT IS SO ORDERED.
7     DATED this 15th day of March, 2007.

                                      _____
                                      LARRY R. HICKS
                                      UNITED STATES DISTRICT JUDGE

3