UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TOM LOUX, | |
| Plaintiff, | 03:03-CV-00240-LRH-VPC |
| v. | |
| | ORDER |
| STATE OF NEVADA, ex rel., ITS DEPARTMENT OF WELFARE, DIVISION OF CHILD AND FAMILY SERVICES, STATE OF NEVADA, ex rel., ITS DEPARTMENT OF INFORMATION TECHNOLOGY, MADILYN MAIRE, in her individual capacity, | |
| Defendants. | |

Presently before the court is a Motion for Attorneys' Fees (# 97[1]) filed by defendant State of Nevada ex rel. its Department of Health and Human Services, Division of Child and Family Services, and ex rel. its Department of Information Technology ("Defendant"). Plaintiff, Tom Loux ("Plaintiff"), has filed an opposition (# 98). No reply was filed.

This action arose out of the alleged sexual harassment of Tom Loux by his supervisor, Madilyn Maire. Plaintiff's complaint initially consisted of seven causes of action. However, this court dismissed five of the seven claims on a motion for summary judgment. Plaintiff's two

---

[1] Refers to the court's docket number.

remaining claims, hostile work environment sexual harassment and failure to remedy, went to trial on March 20, 2007.  The jury ultimately returned a verdict in favor of Defendant on March 22, 2007.  Defendant is now seeking an award of attorneys' fees.

42 U.S.C. § 2000e-5(k) gives the court discretion to award attorneys' fees to the prevailing party.  Section 2000e-5(k) provides,

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).  This court can award such fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).  "In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."  *EEOC v. Bruno's Restaurant*, 13 F.3d 285, 287 (9th Cir. 1993).

Although the evidence to support Plaintiff's case was marginal, the court finds that this action was not frivolous, unreasonable, or without foundation.  The testimony given by Plaintiff at trial, if believed, would establish liability.  Despite the fact that there was no corroborating evidence that Plaintiff had been harassed, a reasonable jury could have found in favor of Plaintiff on the basis of his testimony.  Therefore, an adequate foundation existed to bring this suit and it was neither frivolous or unreasonable.  For these reasons, an award of attorneys' fees is inappropriate.

///

///

///

IT IS THEREFORE ORDERED that Defendant's Motion for Attorneys' Fees (# 97) is hereby DENIED.

IT IS SO ORDERED.

DATED this 4th day of October, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE